UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: : <br> : <br> DRG FUNDING CORPORATION : <br> : <br> : <br> U.S. DEPARTMENT OF HOUSING AND : <br> URBAN DEVELOPMENT, : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> WENDELL W. WEBSTER, Trustee, : <br> : <br> Appellee. : <br> : | Civil Action No. 1:07-CV-01420-JR <br><br> On Appeal from the <br> United States Bankruptcy Court <br> For the District of Columbia <br><br> Bankruptcy Case No. 94-00417 <br> Chapter 7 |

APPELLANT'S BRIEF ON APPEAL

    JEFFREY A. TAYLOR
    United States Attorney
    District of Columbia

    PETER D. KEISLER
    Assistant Attorney General

    J. CHRISTOPHER KOHN
    TRACY WHITAKER
    GLENN D. GILLETT
    FRANCES M. TOOLE
    Trial Attorney
TERRI L. ROMAN    Civil Division
Trial Attorney,    United States Department of Justice
Office of Litigation    P.O. Box 875, Ben Franklin Station
Department of Housing and    Washington, DC 20044-0875
Urban Development    Phone: (202)307-0859
451 Seventh Street, SW, Room 10258    Kem.toole@usdoj.gov
Washington, DC 20410    DC Bar Number 285858

**TABLE OF CONTENTS**

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     The bankruptcy court erred in finding that the "operation of law" exception to the ACA
       applied to any court-approved transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    The bankruptcy court erred in finding that the proposed assignment does not offend the
       purposes of the ACA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

### CASES

DRG Funding v. Sec'y of Housing and Urban Development,
    76 F.3d 1212 (D.C. Cir 1996) ................................................................................ 2

Davis Sewing Machine Co. of Delaware v. United States,
    60 Ct. Cl. 201 (1925) ............................................................................................. 3

Export Oil Corp. V. United States, 64 Ct Cl. 342 (1928) .............................................. 3

In re Gerstenzang,
    5 F. Supp. 904 (S.D.N.Y. 1933) ............................................................................ 4

In re Pottasch Bros. Co.,
    11 F. Supp. 275 (S.D.N.Y.), aff'd, 79 F.2d 613 (2d Cir. 1935) ........................... 4

Hobbs v. McLean,
    117 U.S. 567 (1886) .............................................................................................. 6

New Rawson Corp. V. United States,
    55 F. Supp. 291 (D. Mass. 1943) .......................................................................... 3

Saint John Marine Co. v. United States,
    92 F.3d 39 (2d Cir. 1996) ..................................................................................... 3

School Feeding Corp. V. United States,
    221 Ct. Cl. 906 (1979) .......................................................................................... 4

United States v. Aetna Surety Co.,
    338 U.S. 366 (1949) .............................................................................................. 6

Western Pac. R.R. v. United States,
    268 U.S. 271 (1925) .............................................................................................. 3

### STATUTES

24 C.F.R. § 26.26 ........................................................................................................... 2

31 U.S.C. § 3727 ............................................................................................................ 1

APPELLANT'S BRIEF ON APPEAL

The United States Department of Housing and Urban Development ("HUD") files this brief in support of its appeal of the Order Granting Trustee's Motion for Authority to Assign Judgment, entered July 6, 2007. That order should be reversed because the bankruptcy court misinterpreted the Anti-Assignment of Claims Act, 31 U.S.C. § 3727, and, as a result, granted the bankruptcy trustee the authority to assign a judgment against HUD in violation of its provisions.

Statement of Facts

In the 1980's, DRG Funding Corporation ("DRG") participated in two HUD programs: the Section 223(f) Coinsurance Program and a mortgage-backed securities program operated by the Government National Mortgage Association ("GNMA"). Order entered July 6, 2007, Bankruptcy Docket #210 ("Order") at 2; Affidavit of Kimberly Munson, Exhibit to HUD's Opposition to Trustee's Motion, Bankruptcy Docket # 183 ("Affidavit") at 2. In connection with its participation in these programs, DRG initiated litigation challenging HUD's interpretation of the rules surrounding defaults by mortgagors, claims to HUD for coinsurance proceeds in the form of debentures and the timing of HUD's issuance of debentures, and the date from which the interest on the debentures begins to run. Order at 2; Affidavit at 3. DRG prevailed on appeal, and the case was remanded to the District Court. Order at 2; Affidavit at 3.

The District Court entered a judgment in favor of DRG in the amount of $4,379,745.13, on June 12, 1991. Order at 2. On July 2, 1991, it entered a second judgment, providing for an additional $653,169.58 in pre-judgment interest. Order at 2.

On August 3, 1990, HUD informed DRG of its intent to collect $3,709,926.55 by

1

administrative offset. Order at 3; Affidavit at 3. On July 17, 1991, HUD notified DRG that it had successfully collected this amount by offset. Order at 3; Affidavit at 4. On February 12, 1992, HUD collected an additional $687,515.96 from DRG by way of administrative offset. Order at 3; Affidavit at 4. Additionally, on August 1, 1991, HUD wire transferred $669,818.50 to DRG, representing the difference between DRG's judgment against HUD and the administrative offsets previously collected by HUD. Affidavit at 4.

DRG challenged HUD's jurisdiction to collect the offsets before a HUD Administrative Law Judge ("ALJ"), who ruled in HUD's favor. Order at 3; Affidavit at 4. DRG sought an immediate appeal to the Secretary of HUD pursuant to 24 C.F.R. § 26.26, which permitted interlocutory appeals, and, in March 1992, the Secretary's designee issued her decision, upholding the ALJ's order. Order at 3-4; Affidavit at 4-5.

DRG withdrew from the administrative review of its claim, and initiated litigation in the federal courts. Affidavit at 5. The district court dismissed the case without prejudice on the ground that the administrative process was incomplete, and the U. S. Court of Appeals for the District of Columbia affirmed. <u>DRG Funding v. Sec'y of Housing and Urban Development</u>, 76 F.3d 1212 (D.C. Cir 1996). Order at 4; Affidavit at 5.

Ten years later, on August 16, 2006, the Successor Trustee, Wendell W. Webster, filed a motion for authority to assign the 1991 judgment against HUD to New England Phoenix Co., Inc. ("NEPCO"), the largest general unsecured creditor in this case. In his motion, Successor Trustee acknowledged that the judgment "was subject to two administrative offsets," and further asserted that he had "been advised by counsel to the estate that the HUD judgment . . . [is] worthless to the estate." Trustee's Motion to Sell, Bankruptcy Docket # 146, at 2-3. HUD

2

objected to the assignment on the grounds that the judgment had been satisfied, so that nothing remained to assign, and that the assignment was contrary to the Anti-Assignment of Claims Act ("ACA"), and did not fall into any exceptions thereto. NEPCO, supporting the Trustee's motion, argued that the ACA was not violated by the assignment and/or the assignment fell within an exception to the Act. By an order entered July 6, 2007, the bankruptcy court approved the assignment on the ground that the ACA "does not apply to a court-approved assignment made of a claim against the United States by a bankruptcy trustee." Order at 1-2.

Argument

I.  The bankruptcy court erred in finding that the "operation of law" exception to the ACA applied to any court-approved transfer.

The ACA prohibits the voluntary assignment of demands against the government, but courts have recognized an exception for "assignments or transfers of claims against the United States that occur involuntarily by operation of law." Saint John Marine Co. v. United States, 92 F.3d 39, 48 (2d Cir. 1996). The bankruptcy court interprets this to mean that the transfer of any claim pursuant to court approval would be a transfer "by operation of law," thus creating an exception that simply swallows the entire rule.

The cases relied upon by the bankruptcy court do not support this interpretation. Western Pac. R.R. v. United States, 268 U.S. 271 (1925), New Rawson Corp. V. United States, 55 F. Supp. 291 (D. Mass. 1943), Export Oil Corp. V. United States, 64 Ct Cl. 342 (1928), and Davis Sewing Machine Co. of Delaware v. United States, 60 Ct. Cl. 201 (1925), all involve the sales of the companies that held claims against the United States, through foreclosure or other types of judicial sale, not the separate sale of a discrete claim, as occurred here. The asserted claim merely "followed" with the other assets of the entity in question. Thus, the government could

have and would have avoided its liabilities entirely had the claims not been deemed to transfer with all other assets.  Here, the Trustee for DRG, acting on behalf of DRG and in possession of all its books and records, has had every opportunity, since 1994 when this bankruptcy began, to collect this judgment against the United States, had he thought it had any value.  The Trustee is not seeking to transfer all assets of DRG to some successor-in-interest, but rather is seeking to sell the single "asset" of the judgment against the United States, which the Trustee acknowledges is of no value to the estate.

Similarly, School Feeding Corp. V. United States, 221 Ct. Cl. 906 (1979), involved a sheriff's sale in execution of judgment, which, if not recognized as a valid transfer, would have left no entity the ability to pursue the claim against the United States.  Again, this is distinguishable because the Trustee here has had every ability to pursue this claim.   The United States does not object to this transfer in order to escape any liability, but rather because the ACA protects the United States from being forced to litigate this matter with a party that is a stranger to the transactions at issue.  None of the cited cases addresses this issue.[1]

The lower court's reliance on In re Pottasch Bros. Co., 11 F. Supp. 275 (S.D.N.Y.), aff'd, 79 F.2d 613 (2d Cir. 1935), is likewise misplaced.  That case involved a sum of money that was paid to the trustee in bankruptcy by the United States, not a claim against the United States.  The United States had paid the allowed claim to the estate, and the dispute was whether the money paid was owed pursuant to a settlement agreement between the trustee and the secured creditor.  The secured creditor had taken, as part of its collateral, an assignment of all of the bankrupt's

---

[1]The bankruptcy court also relies upon In re Gerstenzang, 5 F. Supp. 904 (S.D.N.Y. 1933), but the language relied upon is merely dicta.  The court there held that no sale or transfer of any claim against the United States had occurred.

claims, including claims against the United States, which the creditor later acknowledged was in violation of the ACA in existence at that time. However, the secured creditor and the trustee had reached a settlement of the creditor's claims, which included a withdrawal of those claims. The question before the court was an interpretation of the settlement agreement between the parties, not whether the trustee could have assigned claims against the United States to the creditor, for the creditor to pursue, as is at issue here.

No case relied upon by the bankruptcy court goes so far as to say that, <u>because</u> the court is approving the transfer, the transfer is therefore by operation of law. Rather, the cases relied upon hold that, because the transfers occurred by operation of law, the courts approved them. Here, the lower court acknowledges that this is a voluntary transfer, but finds that because it approves the transfer, it is occurring by operation of law. Order at 7-8. Such logic completely swallows the prohibitions of the ACA.

II.   The bankruptcy court erred in finding that the proposed assignment does not offend the purposes of the ACA.

The bankruptcy court first acknowledges that, if this assignment is by operation of law, it is exempt from the prohibition against assignment, regardless of whether such an assignment would contravene the purposes of the Act. Order at 8-9. Thus, having first found that, by its approval, this is an assignment "by operation of law," the portion of the lower court's decision that determines that the assignment does not offend the purposes of the Act would seem to be dicta. In any event, the assignment would offend the Act's purposes.

The Supreme Court has held that one of the purposes of the ACA is "to enable the Government to deal only with the original claimant." <u>United States v. Aetna Surety Co.</u>, 338 U.S. 366, 373 (1949). Stated slightly differently, one purpose of the ACA includes "that the

government might not be harassed by multiplying the number of persons with whom it had to deal, and might always know with whom it was dealing until the contract was completed and a settlement made." Hobbs v. McLean, 117 U.S. 567, 576 (1886).

The lower court determined that this purpose was not offended by the assignment, and held that, because this claim transferred from the debtor, DRG, to the bankruptcy trustee by operation of law, the government "lost the privilege of insisting that it deal exclusively with DRG when DRG filed for relief under Chapter 7 of the Bankruptcy Code." Order at 11. This ignores that the trustee stands in the shoes of the debtor, is authorized to act on behalf of the debtor, and is in possession of all the debtor's books and records. NEPCO is not so authorized, has none of those books and records, and is a complete stranger to the underlying transactions, which DRG litigated for several years before filing for bankruptcy protection. In essence, the bankruptcy court seems to hold that, once an assignment by operation of law has occurred, no additional or subsequent assignments could offend this purpose of the ACA, although no authority for such a position exists.

Remarkably, the bankruptcy court held that the government's "desire" to deal with only the trustee as the successor to the debtor's business, as well as books and records, "is outweighed by the need of the trustee promptly to administer the case by way of assigning a judgment that may take a long time to resolve." Order at 11. The judgment was entered in 1991, the bankruptcy began in 1994, and this matter was reviewed by the D.C. Circuit in 1996. The trustee has had over a decade to resolve this matter, if he believed it was still open. Indeed, this delay merely underscores the problem in allowing the assignment to go forward. The relevant transactions underlying the judgment, and the asserted setoffs, all pre-date 1991. DRG

abandoned its administrative review of these transactions in 1992.  To allow this assignment, in 2007, to a complete stranger to these underlying transactions clearly creates the very undue burden on the United States which the ACA is intended to avoid.

The trustee will not be able to shorten his administration of the case by this assignment, in any event.  As noted by the lower court, he remains subject to discovery, as the successor to DRG's books and records.

The bankruptcy court's "balancing test" of the government's "desire" against the trustee's needs is found nowhere in the ACA.  The purposes underlying the ACA are not to be weighed against other interests, but are intended for the protection of the United States.  It is not merely the government's "desire" not to have to deal with additional parties, it is its legal right, as prescribed in the ACA and the cases interpreting it.

## Conclusion

For all the foregoing reasons, the bankruptcy court's Order entered July 6, 2007, should be reversed.

Dated:  August 28, 2007

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            District of Columbia

                                            PETER D. KEISLER
                                            Assistant Attorney General


                                             /s/ Glenn D. Gillett
                                            J. CHRISTOPHER KOHN
                                            TRACY WHITAKER
                                            GLENN D. GILLETT
                                            FRANCES M. TOOLE
                                            Trial Attorney

TERRI L. ROMAN                          Civil Division
Trial Attorney,                              United States Department of Justice
Office of Litigation                       PO Box 875,  Ben Franklin Station
Department of Housing and             Washington, DC  20044-0875
 Urban Development                  Phone:  (202)307-0859
451 Seventh Street, SW, Room 10258    Kem.toole@usdoj.gov
Washington, DC  20410                  DC Bar Number 285858

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Civil Action No. 1:07-CV-01420-JR |
| DRG FUNDING CORPORATION | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | On Appeal from the United States Bankruptcy Court For the District of Columbia |
| Appellant, | |
| | Bankruptcy Case No. 94-00417 |
| v. | Chapter 7 |
| WENDELL W. WEBSTER, Trustee, | |
| Appellee. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2007, I served by United States mail, first class postage prepaid, or telecopier, true and correct copies of the foregoing Brief on Appeal to:

Wendell W. Webster
1775 K Street, NW, Suite 600
Washington, D.C. 20006

Dennis Early
Office of the U.S. Trustee
115 S. Union Street, Suite 210
Alexandria, VA 22314

John M. Keough
New England Phoenix Company, Inc.
337 Freeport Street
Boston, MA 02122

David K Monroe
Gailland Kharasch Greenberg Fellman & Swirsky
1054 31st St, NW
Washington, DC 20007

Michael C. Conway   (via telecopier)
Fax: 202-429-5290

 /s/ Frances M. Toole
Frances M. Toole