UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: : <br> : <br> DRG FUNDING CORPORATION : <br> : <br> : <br> U.S. DEPARTMENT OF HOUSING AND : <br> URBAN DEVELOPMENT, : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> WENDELL W. WEBSTER, Trustee, : <br> : <br> Appellee. : <br> : | Civil Action No. 1:07-CV-01420-JR <br><br> On Appeal from the <br> United States Bankruptcy Court <br> For the District of Columbia <br><br> Bankruptcy Case No. 94-00417 <br> Chapter 7 |

APPELLANT'S REPLY BRIEF ON APPEAL

|   |   |
|---|---|
|   | JEFFREY A. TAYLOR <br> United States Attorney <br> District of Columbia <br><br> PETER D. KEISLER <br> Assistant Attorney General <br><br> J. CHRISTOPHER KOHN <br> TRACY WHITAKER <br> GLENN D. GILLETT <br> FRANCES M. TOOLE <br> Trial Attorney |
| TERRI L. ROMAN <br> Trial Attorney, <br> Office of Litigation <br> Department of Housing and <br> Urban Development <br> 451 Seventh Street, SW, Room 10258 <br> Washington, DC 20410 | Civil Division <br> United States Department of Justice <br> P.O. Box 875, Ben Franklin Station <br> Washington, DC 20044-0875 <br> Phone: (202)307-0859 <br> Kem.toole@usdoj.gov <br> DC Bar Number 285858 |

**TABLE OF CONTENTS**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1.   The record does not support the bankruptcy court's ruling.. . . . . . . . . . . . . . . . . . . . . 1

2.   The assignment offends the purposes of the ACA.. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

### CASES

Centers v. United States, 224 Fed.Appx. 976. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Hobbs v. McLean,
      117 U.S. 567 (1886).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Saint John Marine Co. V. United States,
      92 F.3d 39 (2d Cir. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

United States v. Aetna Surety Co.,
      338 U.S. 366 (1949).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

### STATUTES

Anti-Assignment of Claims Act, 31 U.S.C. § 3727.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT

1. <u>The record does not support the bankruptcy court's ruling</u>.

Both the bankruptcy court and New England Phoenix Co., Inc. ("NEPCO") try to shoehorn this case into the existing case law by proposing that but for this assignment, HUD will never be held accountable for its actions in affecting administrative set-offs. As explained in HUD's initial brief, the case law that the bankruptcy court relied upon is distinguishable.[1] The operation of law exception to the Anti-Assignment of Claims Act ("ACA"),[2] which prohibits the voluntary assignment of claims against the government, was applicable in those cases because the government would have avoided its liability but for the court approved transfer. That is not the situation here.

NEPCO argues that HUD has "chosen not to reach a 'final' administrative decision," in an effort not to have to pay the judgment. NEPCO Brief at 12-13. No evidence supports this assertion. The bankruptcy court's Order references the trustee's decision to assign the judgment rather than pursue it. Both ignore the undisputed history of this case. The trustee has not only had 13 years within which to pursue this judgment, but has done so on multiple fronts. As the court's memorandum decision references, the initial trustee litigated this through the appellate process, only to be told that he had prematurely abandoned the administrative process. Order at 4. Additionally, the trustee asserts, in his initial motion for approval of this transfer, that an action was then brought in the United States Court of Federal Claims, apparently around 1996, which was dismissed for lack of prosecution in 2002. Motion at 2-3.

---

[1] Appellant's Brief on Appeal, p. 3-5.

[2] 31 U.S.C. § 3727

1

This record flies in the face of the efforts to paint the trustee as without remedies. The trustee obviously did not lack the resources to file suit in federal court, or to appeal the district court's determination. When unsuccessful, he followed up with a second suit in a different court. The record does not establish why that litigation was allowed to languish until dismissed for lack of prosecution, but nothing leans toward the conclusion that it was because the trustee lacked assets or resources to pursue it.[3] Much more likely is that the trustee came to recognize that the setoffs were properly taken and the judgment was of no value. This conclusion seems especially likely in light of the trustee's allegations in his motion, which states that "Successor Trustee has been advised by counsel to the estate that the HUD judgment and claims against the Government are worthless to the estate." Motion at 3.

Against this background, NEPCO attempts to place the blame for the failure to finalize the administrative setoffs on HUD, in order to argue that the only way HUD will be held accountable is to allow this assignment. Unfortunately for NEPCO, the argument is made up out of whole cloth. Not only has the trustee had 13 years within which to collect on this claim, he also has a fiduciary duty to do so. He has litigated it in various ways, only to abandon it some time between 1996 and 2002. This situation simply does not fit into the facts of the cases that allow assignment by operation of law because otherwise the government would avoid its liability. NEPCO's assertion that this was somehow HUD's attempt "to escape liability . . . by creating an administrative Catch-22,"[4] is complete and total speculation, and is not remotely supported by

---

[3]Indeed, if, as NEPCO asserts, all relevant documents are in HUD's possession and control, a decision by the trustee to insist on a final administrative decision would not have been either costly or time consuming for the estate. NEPCO Brief at 12.

[4]NEPCO Brief at 12.

the facts of the record.

NEPCO argues in its brief that the operation of law exception always applies in bankruptcy. As HUD points out in its initial brief, this would become the exception that swallows the rule. Additionally, both the bankruptcy court and NEPCO ignore that portion of the case law that refers to assignments that occur "<u>involuntarily</u> by operation of law." <u>Saint John Marine Co. V. United States</u>, 92 F.3d 39, 48 (2d Cir. 1996)(emphasis added). Neither NEPCO nor the bankruptcy court's decision addresses how this transfer is involuntary; indeed, the bankruptcy court recognizes that the transfer is voluntary, but holds that it is nonetheless by operation of law simply because the court has decided to approve it. Order at 7. Yet, as explained above, the cases relied upon by the bankruptcy court involved situations where the government would have been able to avoid its liability if the court had not approved a transfer of the claim. As also explained above, that it is not the situation here, despite the picture NEPCO attempts to paint.

2.      <u>The assignment offends the purposes of the ACA</u>.

The Supreme Court has held that one of the purposes of the ACA is "to enable the Government to deal only with the original claimant." <u>United States v. Aetna Surety Co.</u>, 338 U.S. 366, 373 (1949). The point of this purpose is to prevent the government from being harassed by multiplying the number of persons with whom it has to deal. <u>Hobbs v. McLean</u>, 117 U.S. 567, 576 (1886). The practical effect of the bankruptcy court permitting this assignment is that HUD will now be forced to deal with a third party - not the original claimant nor the trustee who stepped into the claimant's shoes when DRG filed for bankruptcy protection, but an entirely new entity which is a stranger to the transactions which gave rise to the mutual debts between

3

HUD and DRG.[5]  HUD should not be required to litigate its right of prior offset 14 years after it took the offsets, especially when the trustee admits that the DRG judgment is worthless to the estate.  The United States and DRG had mutual debts, and the estate clearly has long since abandoned any efforts to challenge the administrative offsets against the judgment.  HUD will be unjustly burdened by having to engage a new entity 14 years after it originally took the offsets and to litigate the validity of the offsets that the trustee long since quit challenging.  This assignment gives rise to the specific harms that the ACA seeks to prevent.

In reaching its decision, the bankruptcy court found that the government's "desire" to deal only with the trustee as the successor to the debtor's business is outweighed by the need of the trustee promptly to administer the case by way of assigning a judgment that may take a long time to resolve.  Order at 11.  No support exists, in law or in fact, for this finding.  First, the ACA does not instruct courts to balance the government's "desires."  The ACA, along with supporting case law, defines specific harms which an assignment of a claim against the United States could cause.  If the proposed assignment has the potential to lead to the enumerated harms, the ACT prohibits the assignment.  <u>Centers v. United States</u>, 224 Fed. Appx. 976 (Fed. Cir. May 18, 2007).  Further, the facts of this case do not support this holding.  No evidence exists in the record that the trustee of this 1994 bankruptcy case has any particular need to "promptly" administer the case, or that this specific assignment will allow him to do so.  The bankruptcy has dragged on for 13 years, and only recently did the Trustee seek leave to assign this judgment.

---

[5] NEPCO asserts that it is not a stranger to the dispute between DRG and HUD because it is DRG's largest creditor.  However, it is not even the original holder of its claim, but apparently purchased the claim from another entity.  NEPCO Brief, footnote 7.  In any event, NEPCO was not a party to the transactions it now seeks to litigate.

Although NEPCO argues that this assignment is being made "in the course of closing this bankruptcy case,"[6] such intent is not mentioned in the trustee's motion. Indeed, no evidence exists at all that the trustee will now move to close this case.[7] However, even if it did serve that purpose, the assignment is in direct violation of the ACA.

The bankruptcy court dismissed HUD's concerns that the proposed assignment presented a genuine risk to HUD's asserted right to setoff by having NEPCO and the trustee "commit" to agreeing that the assignment be amended "to expressly reflect that NEPCO takes the assignment subject to HUD's previously asserted right to offset and any other defenses it had against DRG." Order at 14. While HUD asserts that the court's conclusion is clearly correct, the court that later hears NEPCO's claim may disagree. Thus, while the bankruptcy court may have been attempting to assuage HUD's concerns, it has not done so. The fact that a risk exists, however small, that HUD could be liable to NEPCO for the judgment without consideration of HUD's offsets demonstrates that the court's ruling is in conflict with the mandate of the ACA.

Clearly, NEPCO must recognize that this possibility exists because otherwise it has no financial motivation to purchase the judgment against which HUD has taken administrative offsets. NEPCO would not continue to incur legal expenses in this matter unless it believed that the offsets could possibly be defeated through the assignment.

---

[6] NEPCO Brief at 11.

[7] As pointed out in HUD's initial brief, the trustee is subject to discovery as to DRG's books and records, and will not be able to shorten his administration in any event.

CONCLUSION

For the reasons stated above and in the initial Brief on Appeal, the bankruptcy court's Order entered July 6, 2007, should be reversed.

Dated: September 21, 2007

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      United States Attorney
                                      District of Columbia

                                      PETER D. KEISLER
                                      Assistant Attorney General


                                      /s/ Frances M. Toole

                                      J. CHRISTOPHER KOHN
                                      TRACY WHITAKER
                                      GLENN D. GILLETT
                                      FRANCES M. TOOLE
                                      Trial Attorney

TERRI L. ROMAN                        Civil Division
Trial Attorney,                            United States Department of Justice
Office of Litigation                     PO Box 875, Ben Franklin Station
Department of Housing and        Washington, DC 20044-0875
 Urban Development               Phone: (202)307-0859
451 Seventh Street, SW, Room 10258  Kem.toole@usdoj.gov
Washington, DC 20410            DC Bar Number 285858

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>DRG FUNDING CORPORATION<br><br>—————————————<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>            Appellant,<br><br>v.<br><br>WENDELL W. WEBSTER, Trustee,<br><br>            Appellee. | Civil Action No. 1:07-CV-01420-JR<br><br>On Appeal from the<br>United States Bankruptcy Court<br>For the District of Columbia<br><br>Bankruptcy Case No. 94-00417<br>Chapter 7 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of September, 2007, I served by United States mail, first class postage prepaid, or telecopier, true and correct copies of the foregoing Reply Brief on Appeal to:

Wendell W. Webster
1775 K Street, NW, Suite 600
Washington, D.C. 20006

Dennis Early
Office of the U.S. Trustee
115 S. Union Street, Suite 210
Alexandria, VA 22314

John M. Keough
New England Phoenix Company, Inc.
337 Freeport Street
Boston, MA 02122

David K Monroe
Gailland Kharasch Greenberg Fellman & Swirsky
1054 31st St, NW
Washington, DC 20007

Michael C. Conway   (via telecopier)
Fax: 202-429-5290


 /s/ Frances M. Toole
Frances M. Toole

7