UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: DRG FUNDING CORPORATION :
                                :
U.S. DEPARTMENT OF HOUSING AND  :
URBAN DEVELOPMENT               :
                                :
        Appellant,              :
                                :
    v.                          :  Civil Action No. 07-1420 (JR)
                                :
WENDELL W. WEBSTER, TRUSTEE,    :
                                :
        Appellee.               :

**MEMORANDUM OPINION**

The government appeals from a ruling of the Bankruptcy Court allowing the transfer in Chapter 7 liquidation proceedings of an 17 year-old judgment against the Department of Housing and Urban Development (HUD).

In 1991, DRG Funding Corporation won a final judgment against HUD that was then worth approximately $5 million. HUD asserted certain administrative offsets and paid only a very small portion of the claim. DRG challenged the offsets in district court and attempted to collect on the unpaid balance of its judgment, but, on April 7, 1994, the court held that the agency had not finally determined that the offsets applied, and so "final agency action" was wanting. DRG's appeal on the issue of final agency action was denied in 1996. While that appeal was pending, DRG filed for Chapter 7 bankruptcy. Ten years later, the Chapter 7 trustee sought the Bankruptcy Court's approval to

assign the long-dormant judgment to NEPCO, DRG's largest unsecured creditor. HUD opposed the assignment on the grounds that the Anti-Assignment of Claims Act ("AACA" or "the Act"), 31 U.S.C. § 3727, forbids the transfer. Judge Teel disagreed, finding the Act inapplicable, and HUD has appealed that ruling.

The Anti-Assignment of Claims Act has antebellum roots: it stems from the Acts of July 29, 1846, chap. 66, 9 Stat. 41, and Feb. 26, 1853, chap. 81, § 1, 10 Stat. 170, and prohibits the assignment of claims against the United States in order to "prevent frauds upon the treasury." See Erwin v. United States, 97 U.S. 392, 397 (1878) (describing the Act of Feb. 26, 1853). The act prescribes narrow conditions under which an assignment can be made, and impliedly forbids all other transfers. See 31 U.S.C. § 3727(b). Although the scope of the prohibition is not expressly limited by the terms of Act, the Supreme Court has held that it "applies only to cases of voluntary assignment of demands against the government," Erwin, 97 U.S. at 397, and that "the section does not include transfers by operation of law, or by will, in bankruptcy or insolvency." Hager v. Swayne, 149 U.S. 242, 247 (1893). The question presented by HUD's appeal is thus whether the transfer in question, made by a Chapter 7 bankruptcy trustee, is a prohibited "voluntary transfer" or a permissible transfer by "operation of law."

The courts have long considered transfers in bankruptcy as transfers by "operation of law" for the purposes of the AACA and its predecessors.  In Hager, the Supreme Court listed "transfers . . . in bankruptcy or insolvency" as transfers "by operation of law."  149 U.S. at 247.  In Erwin, the Supreme Court stated that "[t]he passing of claims to heirs, devisees, or assignees in bankruptcy is not within the evil at which the statute aimed."  97 U.S. at 397.  In Butler v. Goreley, 146 U.S. 303 (1892), the Supreme Court affirmed the holding of the Massachusetts Supreme Judicial Court "that section 3477 [the predecessor Act] did not apply to assignments in bankruptcy, although upon a voluntary petition."  Id. at 311-312 (emphasis added); see also United States v. Shannon, 342 U.S. 288, 292 (1952) (voluntary "general assignments for the benefit of creditors" are themselves "justified by analogy to assignments in bankruptcy."); Goodman v. Niblack, 102 U.S. 556, 560-561 (1881) (allowing voluntary general assignment for benefit of creditors); In re Pottasch Bros. Co., 11 F. Supp. 275, 277 (D.N.Y. 1935) ("A transfer by a trustee in bankruptcy . . . pursuant to order of the bankruptcy court, is regarded as a transfer by operation of law and not in violation of the act forbidding assignments of such claims."); In re Gerstenzang, 5 F. Supp. 904, 905 (D.N.Y. 1933) (transfer to and sale by bankruptcy trustee were by operation of law and so outside the scope of the Act).  Even

official government publications acknowledge the conclusive holding: transfers in bankruptcy – even voluntary transfers in bankruptcy – are "by operation of law" and so outside the prohibition of the Act.  See 3 <u>United States Government Accountability Office, Office of the General Counsel, Principles of Federal Appropriations Law</u> 12-184 (2d ed. 1994) ("A subsequent assignment by the assignee in bankruptcy is [] exempt from the statute when judicially mandated.") (citing official opinions of the Comptroller General).

Although confronted by this unbroken line of precedent, the government has cited no case of judicial disallowance of a transfer in bankruptcy under by the AACA.  Indeed, the transfer at issue in this case is not only well within the "operation of law" exception, but also well outside the evils against which the Act was designed to protect.  The Supreme Court has noted that the Act's

> primary purpose was undoubtedly to prevent persons of influence from buying up claims against the United States, which might then be improperly urged upon officers of the Government.  Another purpose . . . has been inferred by this Court from the language of the statute.  That purpose was to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant.

<u>United States v. Aetna Cas. & Sur. Co.</u>, 338 U.S. 336, 373 (1949) (citation omitted).  A tertiary purpose of the Act (discovered by

the Supreme Court 100 years after its enactment) was to preserve the government's right to defenses, set-offs, and counterclaims that might be available against the assignor but not the assignee. Shannon, 342 U.S. at 291-292. There is no allegation here that NEPCO has been buying up claims so that it might hold up the government, nor would such a nefarious purpose be easily realized through the mechanism of repeated transfer of such claims by various bankruptcy trustees in multiple Chapter 7 proceedings for multiple debtors. There is also little risk that Treasury will pay the same claim twice, given the contributions of the digital age to government record-keeping, nor is there any issue as to the authenticity of this assignment. Finally, NEPCO has conceded that any set-offs applicable against DRG will follow the judgment – that is, they intend to challenge the validity of the HUD set-offs as applied to the original claimant, and not to themselves. Disallowing this transfer would thus impede the discharge of the bankruptcy estate without serving any substantial public purpose. The judgment of the Bankruptcy Court is accordingly

    **AFFIRMED.**

                                    JAMES ROBERTSON
                            United States District Judge